# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:04CV161-1-V
# 5:99CR29-1-V

| | |
|---|---|
| WILLIAM PRESCOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed October 5, 2004; Respondent's Amended Response to Petitioner's Motion to Vacate (Doc. No. 6), filed December 7, 2004; Petitioner's Response to the Government's Opposition to Petitioner's Motion to Vacate, Set aside, or Correct Sentence (Doc. No. 8), filed December 13, 2004; and Petitioner's Supplemental Response to the Motion to Vacate (Doc. No. 12), filed March 7, 2005.

For the reasons set forth below, the Court dismisses Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

## PROCEDURAL HISTORY

In May 1999, Petitioner and four co-conspirators were indicted by a federal grand jury for conspiring to possess with intent to distribute a quantity of cocaine and cocaine base. In September 2000, a Superceding Bill of Indictment was filed which charged Petitioner with conspiracy to possess with intent to distribute at least 1.5 kilograms of

cocaine base. In November 2000, Petitioner pled guilty to the superceding indictment without a written plea agreement. On February 12, 2002, this Court sentenced Petitioner to 360 months imprisonment.

On February 21, 2002, Petitioner filed a Notice of Appeal. In support of Petitioner's appeal, his appellate counsel filed an Anders brief pursuant to Anders v. California, 386 U.S. 738 (1967). Petitioner raised the following claims on appeal in a supplemental filing: 1) involuntary guilty plea; 2) defective indictment; 3) double jeopardy; 4) improper factual basis; 5) insufficient evidence to support a weapon enhancement; 6) prosecutor error; and 7) ineffective assistance of counsel. On February 27, 2003, the Fourth Circuit affirmed Petitioner's sentence and conviction. United States v. Prescod, 59 Fed. Appx. 526 (4th Cir. 2003). Petitioner filed a writ of certiorari with the United States Supreme Court which was denied on October 6, 2003.

On October 5, 2004, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. In his Motion to Vacate, Petitioner raises claims of ineffective assistance of counsel; prosecutorial misconduct; and several claims based upon the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004). The Court will address these contentions in the order they are presented.

## ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

**A. Standard of Review**

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In

Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

Applying the above-discussed standard, this Court will review Petitioner's ineffective assistance of counsel claims.

### B. Involuntary Guilty Plea

Petitioner contends that his counsel rendered ineffective assistance by allowing him to enter a guilty plea when he had not properly advised Petitioner about the impact

3

of the sentencing guidelines and the § 851 notice. (Pet. Mot. to Vac. at pp. 11-20).

The record reveals that a § 851 notice was filed in Petitioner's case approximately two months before he plead guilty. At his plea hearing Petitioner was informed that he faced a twenty year statutory minimum sentence. At his sentencing hearing the Government withdrew the § 851 notice after Petitioner's counsel challenged it. At his sentencing hearing the Government also conceded, based upon the testimony of one of it own witnesses, that Petitioner was involved in the conspiracy for only about one year. Petitioner now argues that "[c]ounsel was ineffective in letting Petitioner enter a plea of guilty to the charges based on the confusing facts presented on the record both at plea and at sentencing." (Pet. Mot. to Vac. at p.16).

On direct appeal Petitioner argued that his guilty plea was not knowing or voluntary because he thought he was pleading guilty to the original indictment. The Fourth Circuit ruled that his claim was disingenuous and that the record supported the conclusion that his guilty plea was knowing and voluntary. United States v. Prescod, 59 Fed. Appx. 526 (4th Cir. 2003).

This Court does not find Petitioner's argument that because he ultimately faced a lower statutory minimum sentence his plea was involuntary at all persuasive. Petitioner was willing to plead guilty based upon the facts when he believed he was facing a greater mandatory minimum. It simply defies logic to argue that the fact that his statutory mandatory minimum was in actuality lower would serve to render his guilty plea involuntary.

### C. Failure to Request Credit on State Charges

Petitioner alleges that his counsel was ineffective for failing to argue at

4

sentencing that pursuant to § 5G1.3 of the sentencing guidelines that "the time served in the state facility on this offense should have been credited to the Petitioner under the U.S.S.G. 5G1.3 provisions."  (Pet. Mot. to Vac. at pp. 20-21).

Petitioner's argument fails for the simple reason that at the time he was sentenced in federal court he was not subject to an undischarged term of imprisonment. See United States v. McHan, 101 F.3d 1027, 1040 (4th Cir. 1996)(holding that sentencing guidelines consciously denied sentencing judges the authority to give credit under 5G1.3 for discharged sentences); see also United States v. Burris, 217 F.3d 841 (4th Cir. 2000)(§ 5G1.3 only applies to undischarged sentences)(unpublished); United States v Thurston, 165 F.3d 913 (4th Cir. 1998)(same)(unpublished).  Petitioner was released from his state conviction on March 15, 2001 and his parole was terminated on June 13, 2001.  Petitioner was sentenced in this Court on February 12, 2002.  As such, Petitioner's counsel had no basis for arguing that § 5G1.3 applied and was not ineffective for failing to do so.[1]

### D.  Failure to Request Withdrawal of Guilty Plea

Petitioner argues that his guilty plea was involuntary and therefore his counsel was ineffective for failing to move at sentencing to have Petitioner's plea withdrawn. (Pet. Mot. to Vac. at pp. 22-32).  Specifically, Petitioner alleges that his counsel should have moved to withdraw Petitioner's guilty plea when testimony at sentencing

---

[1] The Court notes that it is aware that subsequent to Petitioner's sentencing the sentencing guidelines were amended to provide for a downward departure when a discharged term of imprisonment would otherwise satisfy § 5G1.3(b).  U.S.S.G. § 5G1.3, app n.4.  However, as this amendment was not the law at the time of Petitioner's sentencing, Petitioner's counsel was not ineffective for failing to argue against the prevailing law at that time.

5

supported the conclusion that multiple conspiracies might have existed; that the indictment was defective; and that double jeopardy concerns existed.

For the reasons set forth below, these alleged defenses have no merit and Petitioner's counsel's performance was not deficient for failing to argue for the withdrawal of his guilty plea as he would have had no basis for doing so.[2]

Petitioner's argument that his Indictment was defective because it set forth the basis for a § 851 enhancement that was ultimately withdrawn is unavailing. The case law cited to by Petitioner supports the well-established proposition that an indictment must charge each and every essential element of an offense. These cases do not support the proposition that the dismissal of a particular charge in an indictment renders the entire indictment void. Indeed it is common for the Government to dismiss one or more counts of an indictment at sentencing in exchange for a guilty plea. Likewise, a criminal defendant may be convicted of lesser-included offenses. Consequently, Petitioner's counsel's performance was not deficient for failing to request to withdraw Petitioner's guilty plea based on a futile defective indictment claim.[3]

Petitioner's double jeopardy claim is equally meritless. It is black letter law that "criminal penalties imposed on the same conduct by separate sovereigns do not constitute double jeopardy." Prescod v. United States, 59 Fed. Appx. 526, 527 (4th Cir.

---

[2] Rule 11(d) of the Federal Rules of Criminal Procedure places the burden on a moving defendant to show a "fair and just" reason" why withdrawal of a guilty plea should be allowed.

[3] Indeed, the Fourth Circuit explicitly ruled in Petitioner's appeal that the indictment in his case was sufficient. Prescod v. United States, 59 Fed. Appx. 526, 527 (4th Cir. 2003).

2003).[4]  Consequently, Petitioner's counsel's performance was not deficient for failing to request to withdraw Petitioner's guilty plea based on a futile double jeopardy claim.

Nor should counsel have requested the withdrawal of Petitioner's guilty plea based upon a multiple conspiracy defense.  Petitioner argues that as soon as evidence was presented at his sentencing hearing that he could only have been involved in the conspiracy at issue for a one year period,[5] his counsel should have moved to withdraw his guilty plea.  The Court fails to see how evidence that Petitioner was involved in the conspiracy charged for only one year results in the conclusion that multiple conspiracies existed.  There is simple no requirement that a conspirator be a member for the entire life of the conspiracy.  See e.g., United States v. Grubb, 527 F.2d 1107, 1109 (4th Cir. 1975)("Arrest of some co-conspirators does not, as a matter of law, terminate a conspiracy.").  Consequently, Petitioner's counsel's performance was not deficient for failing to request to withdraw Petitioner's guilty plea based on a futile multiple conspiracy argument.

### E.  Failure to Object to Petitioner's Leadership Enhancement

Petitioner also alleges that his counsel was ineffective for failing to challenge the application of a leadership enhancement pursuant to U.S.S.G. § 3B1.1(a).  (Pet. Mot. to Vac. at pp. 32-33).  To support his contention Petitioner merely asserts that he had a

---

[4] The Fourth Circuit denied Petitioner's double jeopardy claim on direct appeal.

[5] Petitioner's indictment set forth that from January 1990 until on or about May 3, 1999, he was involved in a conspiracy with named and unnamed co-conspirators to posses with intent cocaine base.   More specifically, Petitioner asserts that because he was incarcerated from 1994 until 1996 he could not have been a member of the conspiracy charged.

7

minimal role in the conspiracy.

At a minimum, Petitioner cannot establish the requisite prejudice to support an ineffective assistance of counsel claim. A review of the sentencing transcript reveals that any objection to the leadership enhancement would not have been sustained by this Court. That is, the Court heard ample testimony to support the conclusion that Petitioner was a leader of the drug conspiracy. Specifically, the Court heard testimony that Petitioner moved an extensive amount of crack cocaine (Sent Hearing Trans. at p. 18); that he supplied drugs to other distributors (Sent. Hearing Trans. at pp. 17-18, 25-26); that he arranged for drug mules to transport drugs from out of state to North Carolina (Sent. Hearing Trans. at pp. 18-20, 26); and that at least five people in addition to Petitioner were involved in his drug trade (Sent Hearing Trans. at p. 14). Because this Court would have denied any objection to the leadership enhancement raised by Petitioner's counsel, Petitioner cannot establish prejudice and his ineffective assistance of counsel claim on this basis fails.

### F. Failure to Appeal Drug Quantity

Petitioner alleges that his counsel was ineffective for failing to object to the drug amount found by the Court. (Pet. Mot. to Vac. at pp. 33-37). Petitioner states that erroneous amounts were allowed into evidence and taken into consideration by the Court. (Pet. Mot. to Vac. at pp. 35-37).

The Court has reviewed the record and while it appears that certain drug amounts were inadvertently erroneously referred to at sentencing, when the correct

amounts are considered the amount still exceeds 1.5 kilograms.[6] Consequently, counsel's performance was not deficient for failing to challenge this finding. Moreover, even if the evidence did not support the conclusion that over 1.5 kilograms of cocaine base were involved, the evidence overwhelmingly supports the conclusion that over 500 grams of cocaine base was involved. Given Petitioner's criminal history of VI, whether Petitioner was responsible for 500 grams of cocaine base or 1.5 kilograms of cocaine base had no bearing on his sentence. In either case, he faced a guideline sentence range of 360 months to life.[7] As such, at a minimum, Petitioner was not prejudiced by his counsel's failure to appeal on this basis and his counsel was therefore not ineffective.

### G. Failure to Object to Gun Enhancement

Petitioner alleges that his counsel was ineffective for failing to challenge the application of his gun enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). (Pet. Mot. to Vac. at pp. 38-41)

On direct appeal Petitioner argued that the evidence was insufficient to support a gun enhancement. The Fourth Circuit evaluated the evidence and concluded that

---

[6] Even discounting the testimony that Jackson informed detective Abernathy that Petitioner had supplied him with 14 kilograms of cocaine base over a two year period, the testimony supported by a preponderance of the evidence that Petitioner should be responsible for greater than 1.5 kilograms of cocaine base. See Sent. Trans. at p. 18 (Forney 711g), p. 19 (Petitioner 250g), p.20 (Smith 236g), p. 20 (Andrews 347g).

[7] A finding of greater than 500 grams of cocaine base in Petitioner's case results in an offense level of 37. See U.S.S.G. § 2D1.1 A finding of greater than 1.5 kilograms of cocaine base in Petitioner's case results in an offense level of 39. See U.S.S.G. § 2D1.1 Both an offense level of 37 and an offense level of 39 combined with a criminal history category of VI results in a guideline sentence of 360 months to life.

sufficient evidence existed to support a gun enhancement. Issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action. See Boechenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Consequently, this claim is dismissed.

### H  Prosecutorial Misconduct

Petitioner alleges that the "[p]rosecutor abused his discretion concerning the evidence against Petitioner and the use of that evidence to coerce a plea." (Pet. Mot. to. Vac. p. 41). Petitioner then proceeds to rehash most of the arguments that he raised earlier in his Motion to Vacate under the guise of ineffective assistance of counsel. Petitioner cites no prosecutorial misconduct law, or any law whatsoever, to support his arguments. Furthermore, Petitioner provides no evidence whatsoever to support his broad suppositions that the prosecutor must have known this or that fact. For these reasons and for the reasons set forth elsewhere in this Order, Petitioner's claim of prosecutorial misconduct is dismissed.

### I.  Blakely Violation

Petitioner, citing Blakely v. Washington, 125 S. Ct. 21 (2004), also argues that several of the sentencing enhancements that were applied to him are unconstitutional because they should have been presented to the jury for consideration and determined pursuant to a reasonable doubt standard. (Pet. Mot. to Vac. at pp. 43-48). Petitioner filed a Supplement to his Motion to Vacate arguing that the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), further supports this argument.

Neither Petitioner's Blakely nor Booker claim is cognizable on collateral review. Petitioner's case became final on October 6, 2003, when the United States Supreme Court denied his certiorari writ. Because Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), were decided after his conviction and sentence became final, in order to impact his sentence these cases would have to be determined to be retroactive on collateral review. However, the Supreme Court has not made the new rule announced in Booker retroactively applicable in the collateral review context. Furthermore, the Fourth Circuit has explicitly held that the rule announced in Booker is not retroactively applicable to cases on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: July 12, 2007

Richard L. Voorhees
United States District Judge